Filed 7/24/14  P. v. Harris CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>TRACY EILEEN HARRIS,<br><br>      Defendant and Appellant. | A139497<br><br>(Solano County<br>Super. Ct. No. FCR299417) |

Tracy Harris appeals from convictions of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and giving false information to a police officer (Pen. Code, § 148.9, subd. (a)).[1]  Harris contends that evidence she possessed counterfeit bills at the time of her arrest was irrelevant and should not have been admitted.  Even if it were relevant, she argues the evidence was unduly prejudicial.  We reject each of these arguments and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Richard Mroz stopped a car because it had an expired registration.  As he spoke to the driver, Mroz noticed that none of the passengers was wearing a seatbelt, and he began to cite each of them.  Harris sat in the front passenger seat and provided a false name, "Cindy Harris," and a fake birth date.  During the stop, Harris tried to walk away.  Mroz made her return to the car and, after she reentered it, he saw Harris drop something on the floorboard near her feet.

---

[1] The trial court imposed a suspended sentence, placed Harris on three years of probation and, among other terms and conditions, ordered her to serve 365 days in jail.

1

Officer Tyler Quinn joined the stop to assist Mroz. Quinn noticed Harris drop her left hand near the center console and out of view twice. Quinn reminded her to keep her hands visible both times.

In his subsequent search of the vehicle, Mroz found a crumpled $10 bill and Harris's California identification card inches apart on the floor, just in front of the front passenger's seat, and not more than 12 inches from where Harris's feet had been. Inside the $10 bill were two bindles of methamphetamine. When Mroz analyzed the bill outside in the rain, the ink began to run, and he suspected it was counterfeit. He also found a white plastic bag with money and checks crammed in between the front passenger seat and the center console. Mroz noticed some of the currency in the bag had the same serial number as the $10 dollar bill with the methamphetamine found on the floor of the car. He suspected this currency was also counterfeit because each United States bill has a unique serial number. Harris was charged with forgery, possession of a controlled substance, and giving false information to a police officer. The forgery charge was dismissed before trial.

Harris moved in limine to exclude evidence she possessed stolen checks and any reference to the counterfeit nature of the currency on the grounds this evidence was irrelevant and unduly prejudicial. The court excluded evidence regarding the checks but admitted evidence regarding the currency.

## DISCUSSION

We review challenges to trial court evidentiary rulings for abuse of discretion. (*People v. Goldsmith* (2014) 59 Cal.4th 258, 266.) The trial court's decision will not be disturbed on appeal unless the " 'court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.' [Citation.]" (*Ibid*.)

"No evidence is admissible except relevant evidence." (Evid. Code, § 350.)[2] Evidence is relevant if it has a "tendency in reason to prove or disprove any disputed fact

---

[2] All further undesignated code references are to the Evidence Code.

2

that is of consequence to the determination of the action." (§ 210.) Evidence tends to prove a fact when it " 'renders the desired inference *more probable than it would be without the evidence*.' [Citations.]" (*People v. Warner* (1969) 270 Cal.App.2d 900, 907–908.)

Harris does not dispute the relevance of the circumstance that the plastic bag had bills with serial numbers matching the serial number of the bill with drugs on the floor. However, she argues that additional evidence that the bills were counterfeit was not related to any fact of consequence to her charges and therefore should have been excluded. We agree with the People that the challenged evidence was relevant to the charge of possession of a controlled substance. Harris's main theory at trial was that any of the four occupants of the car could have possessed the drugs. Harris does not dispute there was evidence linking her to the plastic bag with the counterfeit bills; she twice placed her left hand out of view near the center console and the plastic bag was located in that same area. That the plastic bag had bills identical to the bill with the drugs was an important piece of evidence linking the methamphetamine to Harris. The specific evidence that the bills were counterfeit established how unusual it was for different bills to have an identical serial number, providing strong evidence that the person who possessed the bag—Harris—also possessed the drugs.

Harris next argues that even if the challenged evidence were relevant, it should have been excluded under section 352 because its probative value was substantially outweighed by the probability its admission will create a substantial danger of undue prejudice.[3] Undue prejudice does not mean evidence that is simply damaging to the other party's case. (*People v. Karis* (1988) 46 Cal.3d 612, 638.) "The 'prejudice' referred to in . . . section 352 applies to evidence which uniquely tends to evoke an emotional bias

---

[3] Section 352 provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

3

aganst the defendant as an individual and which has very little effect on the issues." (*Ibid.*)

Harris contends the evidence she possessed counterfeit bills was highly prejudicial because counterfeiting is a crime of moral turpitude. (*United States v. Smith* (1933) 289 U.S. 422, 423.) Furthermore, she argues, it is associated with organized crime, and juries have a strong bias against organized crime. (*People v. Albarran* (2007) 149 Cal.App.4th 214, 224.) She also argues that this evidence invited the jury to punish her for forgery, a more inflammatory crime, instead of her actual charges.

We disagree. The challenged evidence was unlikely to evoke an emotional bias against Harris. Possession of counterfeit bills is no more inflammatory than possession of methamphetamine and giving false information to a police officer. Harris's contrary contention is mere speculation. She cites *People v. Harris* (1998) 60 Cal.App.4th 727 (*Harris*), in support of her argument, but that case is readily distinguishable. The defendant in *Harris* was charged and convicted of several sexual offenses against women who were "vulnerable due to their mental health condition[s]." (*Id.* at p. 730.) At trial, the court admitted evidence of an extremely violent past sexual offense without accurately describing the defendant's role in the crime. (*Id.* at p. 734.) The reviewing court found an abuse of discretion in admitting the evidence because the past crime was significantly more inflammatory than the charged crimes. (*Id.* at p. 738.) *Harris* has no application here.

Additionally, in the case before us, the challenged evidence was unlikely to prejudice Harris because it was presented in a concise, factual manner without an overt emotional display. (*People v. Kipp* (1998) 18 Cal.4th 349, 374.) Finally, the prosecutor only briefly reiterated this evidence during his closing statement.

Harris further contends the evidence the bills were counterfeit also presented a danger of confusing the issues (§ 352) because the jury might have been tempted to punish Harris for forgery rather than for the charged offenses. (Citing *Harris, supra,* 60 Cal.App.4th at pp. 738–739.) Although the *Harris* decision treated such an argument as relevant to the danger of confusion aspect of section 352, we believe it is more

properly viewed as another facet of the undue prejudice aspect of the section 352 analysis.  In any event, because the possession of counterfeit fills is not particularly inflammatory, there was little risk the jury would seek to punish her for that circumstance rather than for the charged offenses.

No error occurred in admitting the evidence.

## DISPOSITION

The judgment of the trial court is affirmed.


_____
SIMONS, J.


We concur.


_____
JONES, P.J.


_____
BRUINIERS, J.